THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

C.N. ROMTEHNICA, S.A.,

CASE NO. C21-0953-JCC

10

Petitioner,

ORDER

11

v.

12

P.W. ARMS, INC.,

13

Respondent.

14

15   This matter comes before the Court on Respondent's motion to dismiss (Dkt. No. 14).

16   Having thoroughly considered the briefing, the Court finds oral argument unnecessary and

17   hereby DENIES the motion for the reasons described herein.

18   Petitioner, a Romanian company, filed a petition to enforce an arbitration award issued

19   by a Romanian arbitrator against Respondent, a Washington company. (*See generally* Dkt. No.

20   1.) Respondent moves to dismiss, arguing that the petition is time-barred. (*See generally* Dkt.

21   No. 14.) The parties appear to agree that (a) the Convention on the Recognition and Enforcement

22   of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, applies; (b) consideration of the

23   petition is controlled by the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. § 201 *et seq*.;

24   and (c) the FAA's statute of limitations applies to the petition. (*See generally* Dkt Nos. 1, 14, 15,

25   16.)

26   According to the FAA, a suit to enforce an arbitration award must be brought "[w]ithin

three years after an arbitral award . . . is made." 9 U.S.C. § 207. The parties debate whether the Romanian arbitration award in this case was made within this time period. (*Compare* Dkt. No. 15 at 14, *with* Dkt. No. 16 at 2–4.) The award was dated May 30, 2018, issued July 27, 2018, and received by Petitioner July 30, 2018. (*See* Dkt. Nos. 1 at 7, 1-11 at 1, 1-12 at 1.) Petitioner then filed his petition July 16, 2021. (Dkt. No. 1.) Therefore, the critical issue is whether the award was "made" when the Romanian arbiter *decided* the matter or *issued* its ruling.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677(2009). Such a motion may be granted based on an expired statute of limitations if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In considering such a motion, the Court may take judicial notice of documents that are either essential to a plaintiff's complaint and whose validity is not questioned or are properly subject to judicial notice under Federal Rule of Evidence 201. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001); Fed. R. Evid. 201(b)–(d). Here, the Court takes judicial notice of the arbitration award and notice of award attached to the petition (Dkt. Nos. 1-11, 1-12).

Federal courts have not squarely addressed the issue before the Court, *i.e.*, when an award is made if an award is not issued contemporaneous to the decision. *See, e.g.*, *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 581 (2d Cir. 1993), *as amended* (May 25, 1993) (an award is "made" even if it remains subject to appellate review); *EGI-VSR, LLC v. Coderch Mitjans*, 963 F.3d 1112, 1123 (11th Cir. 2020) (an award is "made" even if the amount has yet to be established with certainty). Logic dictates, though, that a limitations period cannot commence until the arbitrator *issues* the award. *See EGI-VSR, LLC*, 963 F.3d at 1123 (federal cause of action accrues when award is "issued"). Before this time the parties would have no knowledge of the award and no

1  ability to respond to it.

2   Here, whether the award was issued, *i.e.*, "made," when the Romanian arbiter *sent* the

3  notice of the award or when Petitioner *received* it makes no difference. Petitioner filed its

4  petition within three years of *either* date. Accordingly, based on the pleadings before it, the Court

5  FINDS that the petition is not time-barred.

6   For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 14) is DENIED.

7   DATED this 19th day of October 2021.

8

9

10  _____

11  John C. Coughenour
 UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C21-0953-JCC
PAGE - 3