THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

C.N. ROMTEHNICA, S.A.,

                Petitioner,

    v.

P.W. ARMS, INC.,

                Respondent.

CASE NO. C21-0953-JCC

ORDER

This matter comes before the Court on Petitioner C.N. Romtehnica, S.A.'s motion for a judgment on the pleadings, or in the alternative, summary judgment (Dkt. No. 28). Having thoroughly considered the motion and the record before it, and finding oral argument unnecessary, the Court hereby GRANTS the motion for judgment on the pleadings for the reasons described herein.

I.      BACKGROUND

Romtehnica, a Romanian company, brought this petition pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). (Dkt. No. 1). Romtehnica asks the Court to enforce an arbitral award issued by the Romanian Court of International Commercial Arbitration ("CICA") against Respondent P.W. Arms, Inc., a

1  Washington company. (*Id.*) In its opposition brief, P.W. Arms offered no defense to enforcement

2  of the CICA award, other than to assert that Romtehnica's petition was not timely. (Dkt. No. 26.)

3  Following an unsuccessful motion to dismiss, (Dkt. No. 14), where P.W. Arms relied exclusively

4  on that same time-bar argument, (*see id.* at 6–9), Romtehnica moves for a judgment on the

5  pleadings, or in the alternative, summary judgment. (Dkt. No. 28.) It argues that enforcement of

6  the CICA award is consistent with the New York Convention and there are no genuine issues of

7  fact precluding judgment in its favor. (*Id.* at 13–24.)

8  ## II.    DISCUSSION

9  ### A.    Legal Standard – Rule 12(c)

10       A motion for judgment on the pleadings may be brought "after the pleadings are closed—

11  but early enough not to delay trial." Fed. R. Civ. P. 12(c). It "challenges the sufficiency of the

12  opposing party's pleadings." *Morgan v. Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006).

13  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of

14  the pleadings that no material issue of fact remains to be resolved and that it is entitled to

15  judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

16  1550 (9th Cir. 1989).

17       In considering a Rule 12(c) motion, the court construes all material allegations in the

18  light most favorable to the nonmoving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454

19  F.3d 1043, 1046 (9th Cir. 2006). Thus, the motion "may consequently be granted if, after

20  assessing both the complaint, plus matters for which judicial notice is proper, it appears 'beyond

21  doubt that the [nonmoving party] cannot prove any facts that would support his claim for relief.'"

22  *Morgan*, 436 F. Supp. 2d at 1155 (quoting *R.J. Corman Derailment Services, LLC v. Int'l Union*

23  *of Operating Engineers, Local 150,* 335 F.3d 643, 647 (7th Cir. 2003)).

**B.**      **Confirmation of Arbitration Award**

Romtehnica requests enforcement of the CICA award by application of the New York Convention's implementing statute, which provides that "[w]ithin three years after an arbitral award falling under the [New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award . . . ." 9 U.S.C. § 207. Arbitral awards subject to the Convention are to be enforced unless the Court finds that one of the exceptions enumerated in the text of the convention applies. *Id.; see China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digital Inc.*, 379 F.3d 796, 799 (9th Cir. 2004) ("Our review of a foreign arbitration award is quite circumscribed. Rather than review the merits of the underlying arbitration, we review *de novo* only whether the party established a defense under the Convention.")

P.W. Arms contends that enforcing the CICA award is "contrary to the public policy" because of the time-bar issue. (Dkt. No. 32 at 12). To be clear— the presumption is to uphold such awards, and this exception (like any) is to be construed narrowly. *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011). Moreover, the Court has already addressed this argument twice before. (*See* Dkt. Nos. 19, 25.) Restating it for a third time, (*see* Dkt. No. 32 at 8–12), does not change the result. Nor is P.W. Arms' attempt to establish genuine questions of fact well taken, as the issue of when the CICA award was "made," (*id.* at 9), is a legal one which the Court has already addressed—not a factual one. (*See* Dkt. No. 19.) Conversely, it is undisputed that Romtehnica filed its petition with this Court within three years of July 27, 2018, (*see* Dkt. No. 1), the date that the CICA arbitrators affixed their signatures to the award. (*See* Dkt. No. 1-12.) This, therefore, is when the award was "made" <u>and</u> when the relevant three-year statute of limitations began to run. *See* 9 U.S.C. § 207. P.W. Arms provides the Court with no persuasive authority supporting its contention otherwise.

Because P.W. Arms fails to establish that the Court's prior legal analysis was erroneous and fails to provide the Court with genuine issues of disputed fact that would preclude a judgement on the pleadings, the Court RECOGNIZES and CONFIRMS the CICA's award in Romtehnica's favor and ENTERS judgment, as described below, in Romtehnica's favor.

**C.      Attorney Fees and Interest**

Romtehnica requests attorney fees, arguing that P.W. Arms unjustifiably withheld payment of the CICA's award, thereby necessitating the instant action. (Dkt. No. 28 at 21–24). Attorney fees may be awarded to a prevailing party where an opponent has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint. Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (internal citation and quotations omitted) ("An unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously, or for oppressive reasons."). Here, it would appear that P.W. Arms has acted in bad faith by unjustifiably resisting an indisputable claim and causing unnecessary litigation on Romtehnica's part. Accordingly, the Court GRANTS Romtehnica's request for reasonable attorney fees.

Romtehnica additionally requests pre-judgment and post-judgment interest. (Dkt. No. 28 at 21–24.) The Court has discretion to grant post-award, pre-judgment interest so long as its decision is consistent with the underlying award. *Ministry of Def. of Iran*, 665 F.3d at 1103. Here, the CICA awarded Romtehnica interest from the breach date to the arbitration award date. (*See* Dkt. No. 1-11). Romtehnica claims the suitable interest rate for all subsequent accruals is 6%, as this is the rate for late payment under Romanian law. (Dkt. No. 28 at 17). But, at least for purposes of post-judgment interest awarded by this Court, the statutory post-judgment rate prescribed by 28 U.S.C. § 1961 is appropriate, unless the Court finds "on substantial evidence, that the equities of that

particular case require a different rate." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007) (internal citations omitted). The Court does not find that a different rate is required here, as the primary purpose of the proposed judgment is compensatory rather than punitive. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). Accordingly, the Court GRANTS Romtehnica's request for pre- and post-judgment interest but limits the post-judgment rate to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment entered in this case.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the following judgment be entered in Romtehnica's favor against P.W. Arms:

1.   $655,036.00 Compensation Amount awarded by the CICA;

2.   $128,997.23 accruing legal interest on the Compensation Amount from October 11, 2018 through January 20, 2022, which amount increases with an additional daily interest amount of $107.6771 accruing on the Compensation Amount from January 21, 2022 and continuing thereafter;

3.   $39,073.97 Penalty Interest awarded by the CICA;

4.   37,963.16 EURO Arbitration Tax;

5.   7,476.14 EURO legal interest on Arbitration Tax accruing from October 11, 2018 through January 20, 2022 and increasing on a daily basis; with an additional daily interest amount of 6.2405 EURO accruing on the Arbitration Tax from January 21, 2022 and continuing thereafter;

6.   6.79 RON for expenses (registration and tax courier);

7.   Post-judgment interest accruing at the statutory rate set forth in 28 U.S.C. § 1961; and

8.   Reasonable attorney fees and costs incurred in prosecuting this action.

1    DATED this 1st day of July 2022.

2

3

4
                                              _____
5                                             John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26